IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| JOHN WILLIAM O'GRADY; | ) Civil Action No. 3:06-2026-CMC-JRM |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| C. KELLY JACKSON, COUNTY SOLICITOR, | ) |
| THIRD JUDICIAL CIRCUIT; CLARENDON | ) |
| COUNTY, SOUTH CAROLINA; AND | ) |
| FERRELL COTHRAN, COUNTY ATTORNEY, | ) |
| CLARENDON COUNTY, SOUTH CAROLINA, | ) |
| | ) **REPORT AND RECOMMENDATION** |
| Defendants. | ) |
| | ) |

This action was filed by Plaintiff on June 29, 2006, in the Northern District of New York.[1] On July 14, 2006, the case was transferred to this Court. Plaintiff is an inmate at the Mohawk Correctional Facility ("Mohawk") in Rome, New York. Defendant C. Kelly Jackson ("Jackson") is the Solicitor for Clarendon County. R. Ferrell Cothran, Jr. ("Cothran")[2] is an assistant solicitor for Clarendon County. On August 28, 2006, Defendants filed a motion to dismiss. Plaintiff, because he is proceeding pro se, was advised on August 29, 2006, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendants' motion to dismiss could result in the dismissal of his complaint. Plaintiff filed a response on September 19, 2006.

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02 (B)(2)(d), DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the court.

[2] Plaintiff appears to have misspelled this defendant's last name.

DISCUSSION

Plaintiff alleges that Clarendon County, South Carolina has lodged a warrant against him at his place of incarceration in New York State. Plaintiff further alleges that Defendants have violated his constitutional rights under the Sixth and Fourteenth Amendments. He claims that the outstanding warrant is hurting his chances of progressing to an advanced rehabilitation program that would eventually lead to a work release program. He seeks injunctive relief that the warrant lodged against him be dismissed.

On June 21, 2002, an arrest warrant (the "Warrant") for Plaintiff (for the charge of possession of crack cocaine) was issued in Clarendon County, South Carolina. Complaint, Ex. A. While incarcerated at the Greenhaven Correctional Facility in Stormville, New York, Plaintiff learned that the Warrant had been lodged against him. On January 22, 2004, Plaintiff sent a letter and a copy of the Interstate Agreement on Detainers, 18 U.S.C. App. 2, § 2, to Jackson. Plaintiff sent another letter to Jackson on March 29, 2004, but received no response. In January 2005, Ms. J. Palmer, the Inmate Records Coordinator for Mohawk spoke with Cothran who told Palmer that he would not extradite Plaintiff on the Warrant and he also would not dismiss it. On January 24, 2006, Plaintiff sent a letter to the Clarendon County Summary Court. In the letter, Plaintiff requested that the Warrant be dismissed. Plaintiff received a response stating that the charge was a General Sessions charge which was not within the Magistrate Court's jurisdiction. Complaint at 1-3. By letter dated August 25, 2006, Cothran requested that Mohawk remove the detainer for the Warrant. Attachment to Motion to Dismiss.

Defendants contend that their motion to dismiss should be granted because: (1) this Court lacks subject matter jurisdiction; (2) Plaintiff fails to state a claim upon which relief may be granted;

and (3) Plaintiff's claim is moot as Defendants have requested that Mohawk remove the detainer. In his response in opposition to the motion to dismiss, Plaintiff claims that Defendant Jackson has caused the violations of his Sixth and Fourteenth Amendment rights and having the detainer lifted does not provide him with his requested relief because he requests that the Warrant be dismissed.

It is recommended that Defendants' motion to dismiss be granted. First, to the extent that Plaintiff is requesting that the detainer be removed, the action is moot as to Defendants because they have now requested that the detainer be removed. As to the actual removal of the detainer, this action should be dismissed because Defendants are not proper parties to such an action. The proper defendants are the New York State officials who maintain a detainer against Plaintiff. See Carnage v. Sanborn, 304 F.Supp. 857 (N.D.Ga. 1969)(to quash a detainer, the suit should be brought against the prison officials to remove the detainer, not against the requesting state to require the state to bring the charges to trial).

This Court lacks jurisdiction to dismiss the Warrant under the Detainer Act. Such a motion is required to be made in the State court (South Carolina), not this Court. The South Carolina Interstate Agreement on Detainers provides:

> If the appropriate authority shall refuse or fail to accept temporary custody of such person, or in the event that an action on the indictment, information or complaint on the basis of which the detainer has been lodged is not brought to trial within the period provided in Article III or Article IV hereof, **the appropriate court of the jurisdiction where the indictment, information or complaint has been pending shall enter an order dismissing the same with prejudice, and any detainer based thereon shall cease to be of any force or effect.**

S.C. Code Ann. § 17-11-10, Art. V(c)(emphasis added).  Here, Plaintiff has not served the court of the prosecuting attorney (Clarendon County Circuit Court) with the necessary documents.[3] South Carolina law provides:

> Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred eighty days after he shall have caused to be delivered to the prosecuting officer **and the appropriate court of the prosecuting officer's jurisdiction** written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint; provided, that for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance. **The request of the prisoner shall be accompanied by a certificate of the appropriate official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the state parole agency relating to the prisoner.**

S.C. Code Ann. § 17-11-10, Art. III(a)(emphasis added).  Additionally, to the extent Plaintiff is attempting to assert a habeas action, this action should also be dismissed because Plaintiff fails to show that he has exhausted all of available state remedies.  See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 488-89 (1973); Gilstrap v. Godwin, 517 F.2d 52, 53 (4th Cir. 1975).

---

[3]On March 1, 2006, Clarendon County Summary Court Chief Magistrate Percy B. Harvin, Jr., wrote a letter to Plaintiff advising him that his Warrant concerned a General Sessions charge, that the charge was not within the Magistrate Court's jurisdiction, and Plaintiff must contact the Circuit Court concerning his request to have the Warrant dismissed.  Complaint, Ex. I.

## CONCLUSION

Based upon review of the record, it is recommended that Defendants' motion to dismiss (Doc. 13) be granted.

    Respectfully submitted,

    s/Joseph R. McCrorey
    United States Magistrate Judge

January 22, 2007
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).